**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **GAYLORD T. HUGHEY, JR., Individually and d/b/a/ GAYLORD T. HUGHEY, JR. ATTORNEY-AT LAW,** | § | **CIVIL ACTION NO. 6:26-CV-00022-JCB** |
| **Plaintiff,** | § | |
| **v.** | § | |
| **MUTUALINK, INC.,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Mutualink, Inc.'s ("Defendant" or "Mutualink") motion to compel the production of documents. (Doc. No. 63.) Plaintiff Gaylord T. Hughey, Jr. ("Plaintiff" or "Hughey") has filed a response in opposition, (Doc. No. 64), to which Defendant has filed a reply (Doc. No. 65). For the reasons set forth below, the court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's motion to compel (Doc. No. 63) as stated herein.

**BACKGROUND**

Plaintiff—a Texas lawyer—initiated this debt recovery action against Defendant on January 13, 2026. (Doc. No. 2.) Plaintiff alleges that he entered into a one-year contract with Defendant on June 1, 2022. *Id.* at 3. Under the contract's terms, Plaintiff would "provide government relations advice, assistance, and direction" to Defendant for a flat fee of $10,000.00 per month. *Id.* After the initial one-year term, the contract would "continue on a month-to-month basis" until either party gave adequate notice of termination. *Id.* Plaintiff performed services under the contract from June 1, 2022, until November 30, 2025, but alleges that Defendant withheld

$210,000.00 in fees. *Id.* at 3–4. Plaintiff asserts (1) a Texas common law suit on sworn account, (2) a breach of contract claim, and (3) *quantum meruit* and promissory estoppel claims.

Defendant answered on February 2, 2026, denying that it owes Plaintiff any outstanding fees. (Doc. No. 8.) Specifically, Defendant asserted that (1) the parties only operated under the contract for one year, after which point the contract ceased to exist, (2) Mutualink paid Plaintiff what it owed through February 29, 2024, and (3) beyond February 29, 2024, Plaintiff rendered no services from which fees could accrue outside of the contract. *Id.* at 3–5.

On July 24, 2026, Defendant moved to compel the production of several categories of documents: (1) "[a] call log from any phone Mr. Hughey may have used to provide services for Mutualink from March 1, 2024 to November 30, 2025" ("Category 4 Documents"), (2) "Any and all documents regarding Mr. Hughey's policies on timekeeping and billing that would have been in effect from March 1, 2024 to November 30, 2025, including but not limited to any policies he has regarding double-billing for the same time" ("Category 5 Documents"), (3) "Any and all documents outlining Mr. Hughey's billing rates for activities that fall outside of a retainer agreement that would have been in effect from March 1, 2024 to November 30, 2025" ("Category 6 Documents"), and (4) "Any and all documents related to time Mr. Hughey spent on vacation or otherwise not working during the period from March 1, 2024 to November 30, 2025" ("Category 8 Documents") (Doc. No. 63, at 2–3.)

Defendant claims that these documents are relevant to "what, if any, compensation Plaintiff is entitled to from Mutualink and to Mutualink's defenses." *Id.* at 4. Specifically, Defendant argues that the subject contract did not bind the parties from March 1, 2024 through November 30, 2025. *Id.* at 4–6. Yet, Plaintiff alleges that Defendant accrued fees during that period. *Id.* Thus, the requested documents will help reveal any services Plaintiff may have performed outside of the

contract. *Id.* The performance or non-performance of those services will inform Defendant of its extra-contractual liability. *Id.*

In his opposition, Plaintiff claims that the requested documents are irrelevant, "disproportional, cumulative, and intrusive." (Doc. No. 64, at 3.) Specifically, Plaintiff argues that Defendant has transformed this case into a dispute over "billable hours." *Id.* at 3. According to Plaintiff, the contract bound the parties until it terminated in November of 2025. *Id.* at 1. And the contract called for a flat fee of $10,000.00 per month, regardless of services performed. *Id.* at 3. Therefore, Defendant's theory of relevance hinges on "imaginary hourly billing . . . that was never part of the bargain." *Id.* at 1. And even if the documents were "marginally relevant," Plaintiff claims that production is not proportional to the needs of the case. *Id.* at 6–7. Plaintiff also seeks attorney's fees because Defendant's demands are "ridiculous," "irrelevant," "invasive," and thus "not substantially justified" under Fed. R. Civ. P. 37(a)(5)(B).

In its reply brief, Defendant waived its demands as to Categories 4, 5, and 8, leaving only the Category 6 documents at issue. (Doc. No. 65, at 1.) Defendant argues that redactions and other protective measures should assuage Plaintiff's privacy concerns regarding the Category 6 documents. *Id.* at 3. Lastly, Defendant avers that Plaintiff's request for fees is meritless. *Id.* at 3–4. This motion is fully briefed and ripe for resolution.

**LEGAL STANDARD**

Under Rule 37, a party may "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A motion to compel the production of documents is appropriate where "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." *Id.* 37(B)(iv).

The party moving to compel discovery must satisfy two conditions to carry its burden: (1) first, the movant must certify that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," *id.* 37(a)(1), (2) second, the movant must demonstrate that "the materials and information sought are relevant to the [parties' claims or defenses] or will lead to the discovery of admissible evidence." *DeYoung v. Dillon Logistics, Inc.*, No. 6:19-cv-00527 (JCB), 2020 U.S. Dist. LEXIS 252557, at *3 (E.D. Tex. Oct. 23, 2020) (quoting *Tsanacas v. Amazon, Inc.*, No. 4:17-cv-00306 (ALM), 2018 U.S. Dist. LEXIS 3105, at *1 (E.D. Tex. Jan. 8, 2018)).

If the movant satisfies these conditions, the burden shifts to the nonmovant, who must demonstrate that "the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and [that it] thus should not be permitted." *DeYoung*, 2020 U.S. Dist. LEXIS 252557, at *3. The court will deny a motion to compel if the request is "overbroad or unduly burdensome on its face." *Id.* at 3–4 (citing *Tsanacas*, 2018 U.S. Dist. LEXIS 3105, at *4; *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537–38 (D. Kan. 2003)).

**DISCUSSION**

As the movant seeking production, Defendant must demonstrate that the documents it seeks are relevant to the parties' claims or defenses. *See DeYoung v. Dillon Logistics, Inc.*, Civ. No. 6:19-cv-00527 (JCB), 2020 U.S. Dist. LEXIS 252557, at *3 (E.D. Tex. Oct. 23, 2020); *Tsanacas v. Amazon, Inc.*, Civ. No. 4:17-cv-00306 (ALM), 2018 U.S. Dist. LEXIS 3105, at *1 (E.D. Tex. Jan. 8, 2018). To be relevant, a document need not "by itself, prove or disprove a claim or defense or have strong probative force or value." *Baker v. Walters*, 652 F.Supp.3d 768, 781 (N.D. Tex. 2023) (citation omitted). Rather, the document need only be "germane to a claim or defense alleged in [a] pleading." 6 *Moore's Federal Practice*, § 26.42 (Mathew Bender 3d Ed.); *accord Leanard v.*

*Martin*, 38 F.4 481, 489 (5th Cir. 2022) ("[I]nformation is relevant if it bears on, or [] reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.") (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)).

Here, Defendant has shown that the Category 6 documents are relevant. Defendant's principal defense is that no contract existed from March 2024 through November 2025. (Doc. Nos. 8, at 3–5; 63, at 1–2.) But even if no contract existed, Defendant could still be liable under Plaintiff's *quantum meruit* claim. (Doc. Nos. 2, at 7–8; 63, at 2, 4–6.) *Quantum meruit* permits recovery "for the reasonable value of services rendered and accepted which are *not covered by the contract*." *Black Lake Pipe Line Co. v. Union Constr. Co.*, 538 S.W.2d 80, 86 (Tex. 1976) (emphasis added), *overruled on other grounds by Sterner v. Marathon Oil Co.*, 767 S.W.2d 686 (Tex. 1989); *see also Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) ("Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished.") (citation omitted). Documents outlining what Plaintiff generally charged for services outside of a flat fee agreement would help Defendant gauge—and potentially dispute—the extent of its extra-contractual liability to Plaintiff.

Plaintiff's irrelevance objection is unpersuasive. Plaintiff avers that the documents are irrelevant because the "parties' contract prescribed a flat monthly fee, not an hourly rate." (Doc. No. 64, at 5.) That argument incorrectly assumes that the documents are only relevant if they bear on Plaintiff's principal theory of liability. But Defendant contests the existence of the contract during the period in dispute. And if Defendant succeeds on the merits of that defense, it must still contend with Plaintiff's alternative *quantum meruit* claim. The Category 6 Documents are relevant to that claim.

As Defendant has established relevance, the burden shifts to Plaintiff to show that the Category 6 request is "overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Joseph v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982)). Plaintiff must explain with "sufficient specificity" why the court should not compel production. *McLeod*, 894 F.2d at 1485 (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)); *accord Orchestratehr, Inc. v. Trombetta*, 178 F.Supp.3d 476, 507 (N.D. Tex. 2016) ("[T]he party resisting discovery . . . [must] specifically object and show that the requested discovery . . . would impose an undue burden or expense or is otherwise objectionable.").

Plaintiff argues—without explicitly raising the attorney client privilege—that "the only documents that would show his hourly rate are presumably hourly fee agreements with other clients, which are private, sensitive, and irrelevant information." (Doc. No. 64, at 6.) But Defendant only seeks "the relevant rate portions of any non-flat fee agreements that Plaintiff used during the Period in Dispute." (Doc. No. 65, at 3.) Plaintiff can redact the agreements to prevent disclosure of any private, sensitive, or irrelevant material. *See, e.g.*, *Consol. Health Plans v. Principal Performance Group*, Civ. No. 02-1230 (DEK), 2003 U.S. Dist. LEXIS 10780, at *10 (E.D. La. June 16, 2003) ("[B]illing summaries and records to the extent that they [merely] reveal the amount of time spent, the amount billed, and the type of fee arrangement between attorney and client are fully subject to discovery.")

Plaintiff's argument that production would be unduly burdensome also fails. Plaintiff contends that he has "already provided Defendant with nearly 10,000 documents . . . in addition to the nearly 40,000 documents Defendant produced." (Doc. No. 64, at 7.) Yet, Plaintiff does not specify whether any of these already-produced documents evidence what Defendant seeks here:

information about the value of Plaintiff's services outside of a flat-fee contract. If Plaintiff demonstrated that he already produced extensive documents bearing on the same issue, his position would be more persuasive. *See Edward D. Ioli Trust v. Avigilon Corp.*, Civ. No. 2:10-cv-605 (JRG), 2012 U.S. Dist. LEXIS 164425, at *12 (E.D. Tex. Nov. 16, 2012) (noting that burden should be analyzed relative to "the needs of the case, the prior discovery in the case, the amount in controversy, and the importance of the issues at stake"). But the mere fact that the parties have exchanged many documents does not, in and of itself, make the Category 6 request unduly burdensome.

Lastly, Plaintiff's suggestion that Defendant could easily "serve an interrogatory" to determine his hourly rate is also unpersuasive. *Id.* Plaintiff's *quantum meruit* claim squarely places the value of his services at issue. Defendant seeks tangible documents—rather than Plaintiff's ad-hoc representations—evidencing what Plaintiff's fees might have been during the period in dispute. Plaintiff offers no authority for the proposition that Defendant should or must attempt to use interrogatories before seeking the production of documents. *See* Fed. R. Civ. P. 26(d)(3)(A) ("[M]ethods of discovery may be used in any sequence[.]").

While the court finds that Defendant's motion to compel as to Category 6 should be granted, the request contains a defect which must be cured. In briefing this motion, Defendant represented that it only seeks "the relevant rate portions of any non-flat fee agreements that Plaintiff used during the Period in Dispute." (Doc. No. 65, at 3.) But Defendant's Category 6 request sweeps more broadly on its face because it uses the qualifier "outside of a retainer agreement" rather than outside of a "flat-fee agreement." (Doc. No. 63-5, at 4.) These terms are not synonymous, and "retainer agreement" is ambiguous. *See Barron v. Countryman*, 432 F.3d 590, 595 (5th Cir. 2005) (distinguishing between "classic," "security," and "flat fee" retainers).

The court holds Defendant to its words and will narrow the request's plain terms accordingly. *See, e.g.*, *Sanders v. Moneygram Int'l, Inc.*, Civ. No. 3:23-cv-808 (RHT), 2024 U.S. Dist. LEXIS 240371, at *5 (N.D. Tex. June 27, 2024) ("[T]he Court has the discretion to modify a discovery request deemed overly broad.") (citations omitted).

**I. Fees**

Under Rule 37—if the court grants or denies a motion to compel—it must award attorney's fees to the prevailing party after providing an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), 37(a)(5)(B). If the court grants the motion to compel, it may decline to award attorney's fees to the movant if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," (2) "the opposing party's nondisclosure, response, or objection was substantially justified," or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). In contrast, if the court denies the motion to compel, it may decline to award attorney's fees to the non-movant only if the motion was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Applying the principles set forth above to the instant dispute, the court declines to award fees.[1] By the time the motion was ripe, Defendant had significantly narrowed the categories of documents it was seeking to compel. The scope of the documents sought was further narrowed by the "flat-fee agreement" qualifier. Ultimately, the court granted the motion as to only one more narrow category. While the court applauds the narrowing of the dispute, the court finds that Plaintiff's opposition as to the scope of the original dispute was substantially justified. Moreover,

[1] While not a determinative factor, it is worth noting that Defendant did not move for fees.

under these circumstances, determining the extent of fees expended and appropriately awarded would be difficult at best.

## CONCLUSION

For the reasons stated above, the court **ORDERS** that Defendant Mutualink's motion to compel the production of documents (Doc. No. 63) be **DENIED** as to the Category 4, 5, and 8 requests, and **GRANTED** as to the Category 6 request, which is amended to read as follows: Plaintiff will produce documents, such as billing records or agreements, which reflect the hourly rate Plaintiff charged for his services outside of flat-fee agreements from March 1, 2024 to November 30, 2025. Plaintiff may redact any responsive documents (1) to the extent permitted by the Federal Rules of Civil Procedure, the protective orders issued in this case, this court's local rules, or other applicable law, and (2) to the extent necessary to preserve the attorney-client privilege and the attorney work-product protection. Plaintiff shall produce responsive documents by **October 5, 2026.**

**So ORDERED and SIGNED this 8th day of September, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE